**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LOREN WOODS** | **CIVIL ACTION NO. 2:26-cv-1310** |
| **VERSUS** | **JUDGE NANNETTE JOLIVETTE BROWN** |
| **NORDSTROM, INC. d/b/a NORDSTROM RACK** | **MAG. JUDGE DONNA PHILLIPS CURRAULT** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**JOINT STATUS REPORT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Loren Woods, and Defendant, Nordstrom, Inc., who, in compliance with the Court's Scheduling Order [Rec. Doc. 7], submit the following Joint Status Report:

**(1) A listing of all parties and counsel who represent the parties:**

Plaintiff – Loren Woods
Represented by Kurt A. Offner and Marc Alexander Alvendia of Alvendia, Kelly & Demarest, LLC and Craig S. Leydecker of the Office of Craig Leydecker.

and

Defendant – Nordstrom, Inc.
Represented by Meredith R. Durham and Katherine H. Amoss of Plauche Maselli Parkerson, LLP.

**(2) A listing of any motions pending for decision in the case, the date any motion was submitted for decision or is set for hearing, an indication whether oral argument was previously or shall be requested on the motion, and an indication whether an evidentiary hearing shall be needed on the motion, such as in class certification proceedings:**

There are no pending motions at this time.

**(3) The dates and times of any status conference, pretrial conference and trial set in the case; a statement as to whether the case is jury or non-jury; and the number of expected trial days:**

A Final Pretrial Conference is set for May 25, 2027 at 2:00 p.m. Trial is set to commence on June 21, 2027 at 9:00 a.m. Defendant has requested a jury trial, and the parties anticipate the trial to last 3-4 days.

**(4) A BRIEF description of the factual and legal issues underlying the dispute:**

Plaintiff, Loren Woods ("Plaintiff"), alleges that on July 12, 2025, she was a patron at Nordstrom Rack ("Nordstrom") when she slipped and fell due to a drink that had spilled in the store, which she alleges created a hazardous condition. Plaintiff alleges that Nordstrom knew or should have known of the alleged hazardous condition. Nordstrom disputes Plaintiff's allegations.

**(5) A listing of any discovery that remains to be done:**

1. Exchange written discovery;
2. All depositions, including those of plaintiff, plaintiff's treating physicians, Nordstrom employees, Nordstrom managers, the 30(b)(6) deposition of Nordstrom, Inc., and expert witnesses, if any;
3. Inspections, if any;
4. Medical Examinations, if any; and
5. Exchange of expert reports, if any.

**(6) A description of the status of any settlement negotiations:**

There have been no settlement negotiations to date.

Respectfully Submitted:

**PLAUCHÉ MASELLI PARKERSON LLP**

BY: */s/ Meredith R. Durham*
MEREDITH R. DURHAM (#33112)
KATHERINE H. AMOSS (#38277)
701 Poydras Street, Suite 3800
New Orleans, Louisiana 70139
Phone: 504-582-1142; Fax: 504-582-1172
Email: mdurham@pmpllp.com
Email: kamoss@pmpllp.com
***Counsel for Nordstrom, Inc.***

**AND**

**ALVENDIA, KELLY & DEMAREST, LLC**

BY: */s/Kurt A. Offner*
KURT A. OFFNER (#28176)
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Phone: 504-200-0000; Fax: 504-200-0001
E-mail: kurt@akdlalaw.com
***Counsel for Loren Woods***

**CERTIFICATE OF SERVICE**

I do hereby certify that this 18th day of September, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which, if they are subscribed, will send a notice of electronic filing to all counsel of record.

*/s/ Meredith R. Durham*